In re Michael R. SPARKS, Debtor.

Bankruptcy No. 92 B 21692.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

April 13, 1995.

David A. Weininger, on brief, Chicago, IL.

Mitchell M. Iseberg, Chicago, IL.

Jeffrey Hynes, Adelman, Adelman & Murray, Milwaukee, WI.

David J. Lynam, Barrington, IL.

Cynthia G. Swiger, Chicago, IL.

Michael L. Gesas, Gesas, Pilati & Gesas, Ltd., Chicago, IL.

Michael R. Sparks, Sparks & Associates, Inc., Arlington Heights, IL.

John V. Del Gaudio, Jr., on brief, Chicago, IL.

Paula K. Jacobi, Schwartz, Cooper, Greenberger & Krauss, Chicago, IL.

Kevin P. Doyle, Pray, Walker, Jackman, Williams & Marlar, Tulsa, OK.

David Axelrod, Axelrod & Associates, Chicago, IL.

U.S. Office of the Trustee, Kathryn Gleason, Chicago, IL.

First National Bank of Chicago, Joseph M. Russell, Law Dept., Chicago, IL.

Mark L. Prager, Foley & Lardner, Chicago, IL.

J. Weili Cheng, Marriott Intern., Inc., Washington, DC.

Lois Kulinsky, Lois Kulinsky & Associates, Ltd., Wheeling, IL.

Paul M. Bauch, Bell, Boyd & Lloyd, Chicago, IL.

James P. Wognum, on brief, Chicago, IL.

David Leibowitz, on brief, Michael P. O'Neil, Freeborn & Peters, Chicago, IL.

Michael L. Molinaro, Katten, Muchin & Zavis, Chicago, IL.

Anita B. Ward, Schiller, DuCanto & Fleck, Chicago, IL.

David A. Kallick, Tishler & Wald, Chicago, IL.

G. Joe Humpfer, Chicago, IL.

### MEMORANDUM OPINION

RONALD BARLIANT, Bankruptcy Judge.

## I. INTRODUCTION

Debtor filed a motion for rule to show cause why Debtor's estranged wife should not be held in contempt of court for violating the automatic stay and a prior order of this

Court by filing a motion for injunctive relief in Illinois state court. The prior order granted limited relief from the automatic stay to allow marital dissolution proceedings to go forward. This Court finds that Debtor's estranged wife did violate the automatic stay by seeking the injunction; that motion went beyond the scope of the relief this Court granted in the prior order. Therefore, Debtor's estranged wife is ordered to refrain from pursuing, and to withdraw and abandon, the motion for injunctive relief.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## III. FACTS

On December 10, 1991, Margaret Sparks ("Margaret"), Debtor's estranged wife, commenced marital dissolution proceedings in the Circuit Court for Cook County, Illinois, Domestic Relations Division by filing a Petition for Dissolution of Marriage. In that petition, Margaret requested, among other things, that the state court make an equitable distribution of the marital property.

Debtor filed a chapter 11 petition on September 29, 1992. Debtor has continued to operate his business and manage his properties as debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Debtor is the sole beneficiary of a land trust that has title to real property located in Barrington Hills, Illinois (the "Property"). The Property totals approximately 126 acres and has been divided into lots for subdivision and sale. Before filing the bankruptcy petition, Debtor received approval of a preliminary plat of subdivision of the Property from the Village of Barrington Hills. Debtor received approval of the final plat in 1994.

Lot 9 consists of about 8.1 acres, upon which is located a house. Debtor and Margaret lived in that house as their marital residence until the entry of an order of protection in an Illinois state court criminal proceeding that granted Margaret exclusive possession of the marital residence. That order expired, after several extensions, on November 9, 1992. Margaret moved out of the marital residence sometime in November 1992, whereupon Debtor leased Lot 9 and the house to unrelated parties.

On March 10, 1993, Margaret filed a motion for relief from the automatic stay in order to proceed with the dissolution proceedings in the state court and determine the amount of Margaret's claim against Debtor and Debtor's bankruptcy estate. Specifically, Margaret requested relief from the automatic stay to allow the state court "to determine the amount of her claim against the Debtor's estate, to obtain a dissolution of her marriage to the [D]ebtor, to obtain [a] determination of the parties' rights to child custody and visitation, to obtain maintenance[,] to obtain child support[, and] to obtain a contribution of attorney's fees." *Margaret Sparks' Reply to Debtor's Response in Opposition to Margaret Sparks' Motion for Relief from Automatic Stay*, ¶ 9. On April 6, 1993, this Court granted Margaret's motion for relief from the automatic stay for the purpose of allowing the state court to adjudicate the issues presented in the dissolution proceedings, while reserving the right to pass on the enforceability of any judgment issued by the state court regarding any interests Margaret may have in property that is property of the estate.[1]

On January 6, 1995, Margaret filed a motion for temporary and permanent injunctive relief in the state court to prevent Debtor

---

1. The Order stated, in pertinent part, the following:

    IT IS HEREBY ORDERED:

    1. That the Motion For Relief From Stay is granted so as to permit the adjudication of the issues presented in the case titled In Re The Marriage of Margaret Sparks v. Michael Sparks, Case No. 91 D 225 in the Circuit Court of Cook County, Domestic Relations Division.

    2. That any entitlement MARGARET SPARKS may have in property of the estate by virtue of the entry of a State Court judgment shall only be enforceable to the extent allowed by the United States Bankruptcy Court for the Northern District of Illinois Eastern Division.

from going forward with the sale of the subdivided lots. Debtor then filed the motion currently before this Court for a rule to show cause why Margaret should not be held in contempt for violating the automatic stay and this Court's prior Order by filing the state court motion. In his motion and subsequent pleadings, Debtor requests, *inter alia,* that the Court issue an order to Margaret to withdraw or abandon the state court motion.

## IV. ISSUES

The issues here are:

1. Whether Margaret violated the automatic stay by filing a motion for injunctive relief in state court post-petition; and

2. Assuming Margaret did violate the automatic stay, whether her act of filing a motion for injunctive relief in state court post-petition exceeded the scope of the Court's Order of April 6, 1993.

## V. ANALYSIS

### A. The Automatic Stay of § 362

■ The filing of a petition for relief under § 301 of the Bankruptcy Code immediately triggers a stay that operates to prevent "all entities" from taking certain enumerated actions against the debtor or property of the debtor's estate. 11 U.S.C. § 362(a). "The automatic stay is designed to prevent dismemberment of a debtor's estate, to insure its orderly distribution, and to allow a debtor the chance to rehabilitate free of any harassment or prejudice that would result from his creditors' pursuit of individual actions." *Richard v. City of Chicago,* 80 B.R. 451, 453 (N.D.Ill.1987) (citations omitted). The Court may grant relief from the automatic stay by "terminating, annulling, modifying, or conditioning such stay," provided the movant demonstrates the appropriate grounds for granting the requested relief. 11 U.S.C. § 362(d). The acts prohibited by the automatic stay include commencing or continuing a judicial action or proceeding against the debtor that was or could have been commenced before the commencement of the case, and committing "any act to obtain possession of property of the estate or of property from the estate

or to exercise control over property of the estate." § 362(a)(1) and (3).

Margaret violated the automatic stay by filing her motion in state court. Margaret's motion commenced a judicial action against Debtor that could have been commenced prior to the commencement of this case. The marital dissolution action was pending, and Debtor had begun the subdivision process, before the commencement of this case. Whatever interests Margaret then had in the Property she has now. In addition, Margaret's act of filing the state court motion is an act to exercise control over property of the estate. The state court motion seeks to prevent Debtor from taking any action with respect to the Property.[2] Therefore, the Court concludes that, assuming this Court's April 6, 1993 Order did not authorize it, Margaret's act of filing the state court motion violates the automatic stay, specifically § 362(a)(1) and (3).

### B. The Court's Order of April 6, 1993

Margaret has asserted that her action was allowed by this Court's Order granting her relief from the automatic stay. To support this assertion, Margaret contends that she has asserted marital rights in the Property that have yet to be determined, and that several issues remain unresolved by the state court, including whether and what portion of the Property constitutes "marital property," the extent of her rights and entitlements in the Property, either under the prenuptial agreement or Illinois state law, and the validity and enforceability of the prenuptial agreement. Margaret further contends that these issues are squarely and properly before the state court and that their resolution by the state court was contemplated by the Court's Order. In addition, Margaret asserts that the state court motion is consistent with the type of determination this Court, by its Order, anticipated the state court would make, in that the injunction would preserve the status quo until her rights are determined by the state court. Margaret claims that the injunction is necessary because she may have a right to the Property itself, not just a claim for money, and the subdivision and sale of

2. Debtor's interest in the Property is property of the estate pursuant to 11 U.S.C. § 541(a).

the Property will destroy her potential ownership right. The logic appears to be that because the injunction relates to the state court's determination of her rights, and the latter is within the scope of the Order, the injunction is also within the scope of the Order.

■ The court issuing an order has the power to determine the meaning of the terms of that order. *S.E.C. v. Hermil, Inc.,* 838 F.2d 1151, 1153 (11th Cir.1988). The issuing court "is in the best position to interpret its own orders." *In re Chicago, Rock Island and Pacific R.R. Co.,* 865 F.2d 807, 810 (7th Cir.1988). Because "[f]ew persons are in a better position to understand the meaning of a [court order] than the [bankruptcy or] district judge who oversaw and approved it" (*United States v. Board of Educ.,* 717 F.2d 378, 382 (7th Cir.1983)), the issuing court is accorded wide deference in interpreting its own orders. *Graefenhain v. Pabst Brewing Co.,* 870 F.2d 1198, 1203 (7th Cir.1989); *In re Chicago, Rock Island and Pacific R.R. Co.,* 865 F.2d at 810–11. *See also In re Xonics,* 813 F.2d 127, 130 (7th Cir.1987) ("The [issuing] court's treatment of its own order—which treats the order as meaning exactly what it says—is entitled to respect.") Furthermore, although in this matter the Order was drawn by Margaret's attorney, "it was the Court's Order, and it is the Court who can best construe the language of and the intent behind its orders." *In re Midway Airlines, Inc.,* 1993 WL 243935, at *8 (Bankr. N.D.Ill. June 17, 1993), *aff'd,* 163 B.R. 514 (N.D.Ill.1993).

■ The Order of April 6, 1993 contemplated that the automatic stay would be lifted as to Margaret so she could proceed in the state court proceedings towards an adjudication of issues relating to such matters as the validity and enforceability of the prenuptial agreement, custody, visitation rights, support, and maintenance. The Court expressly decreed that this Court would, at some point in the future, determine the extent of the enforceability of any interest Margaret had in property of the estate as a result of the entry of a judgment by the state court.

The Court, however, did not modify the stay for any purpose other than what the Order itself indicates. This Court intended by its Order to permit Margaret to go forward in the state court only to determine whether Margaret has an interest or an entitlement in property, including the Property, belonging to Debtor and also belonging to Debtor's estate by virtue of § 541(a), as well as to determine the amount of those interests or entitlements. If and when the state court determines Margaret's rights in the Property, this Court will then determine the disposition of those rights in accordance with the Bankruptcy Code.

This Court did not intend by its Order to permit action such as the filing of the state court motion. The state court motion for injunctive relief seeks not a determination of Margaret's rights or entitlements, but, rather, to exercise control over property that is property of the estate. Margaret is essentially attempting to prevent property of the estate from being used for the benefit of all the unsecured creditors in order to benefit a single unsecured creditor—herself. This result was obviously not contemplated by this Court in its Order and will not now be condoned.

Margaret's legitimate interests are not compromised. She is concerned that the subdivision will impair the value of the Property. But every creditor in this case has an interest in the value of the Property. To the extent that value is diminished, all creditors lose—not Margaret alone. However, if Margaret were allowed to proceed with the state court motion, other creditors—who might disagree with her—would not have an opportunity to be heard. Margaret—like all creditors—is a party in interest in this case. She may object to the proposed use of the Property in this forum (and she has done so), and all other parties may assert their positions. That is why this Court exists.

■ Unlike the state court, a bankruptcy court provides relief, as well as a forum, for the entire creditor group. Bankruptcy is a collective remedy; to allow important issues affecting the value of the estate to be decided in a non-bankruptcy forum would be to defeat the collective rights of the creditor group as a whole. The primary purpose of the automatic stay is to prevent just that.

The purpose of the automatic stay is to preserve what remains of the debtor's in-

solvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, thereby preventing a "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts."

*In re Holtkamp,* 669 F.2d 505, 508 (7th Cir. 1982) (citations omitted).

 On the other hand, this Court is not here (or competent) to determine the state-law rights of the parties to a marital dissolution proceeding. That is the proper function of the state court. That is why this Court granted relief on April 6, 1993. But once the state court has declared Margaret's rights under Illinois law, Margaret (like every other creditor) must look to bankruptcy law for the ultimate satisfaction of those rights. Perhaps bankruptcy law will recognize those rights and she will be paid before other creditors. Or perhaps not. That is a question for another day.[3] The present point is only that Margaret cannot be allowed to prejudice the rights of other creditors before that question is resolved.

In the alternative, Margaret has moved for leave to transfer the state court motion to this Court as an adversary proceeding. The Court denies this motion as improperly brought. Debtor correctly points out that the proper procedure for filing an adversary proceeding is to file a complaint with the Court and serve the complaint and summons on all necessary parties pursuant to FED.R.BANKR.P. 7001–7087. This avenue is available to Margaret. The Court will not allow a "transfer" of the state court motion to substitute for the mandatory procedures set forth in the Rules regarding adversary proceedings.

## VI. CONCLUSION

The parties have made several other arguments not pertinent to resolution of the matter presently before the Court. Those arguments have been considered, but need not be addressed. Margaret has violated a federal statute and must stop doing so immediately. The procedural complexities Margaret suggests are not an effective remedy for her violation of the automatic stay. Moreover, such maneuvers are not necessary in this matter. On the other hand, there is no reason now to decide Debtor's objections to Margaret's underlying claim.

For the reasons set forth above, the Court grants Debtor's motion to the extent that the Court orders Margaret Sparks to refrain from pursuing, and to withdraw and abandon, the motion for injunctive relief she filed in Illinois state court. The Court denies Debtor's motion insofar as it requests further relief.

A separate Order will be entered accordingly.

---

**3.** The Official Committee for Unsecured Creditors and the Debtor have contended that under section 544(a) of the Code (the "strong arm powers"), whatever interest Margaret has in the Property is subject and subordinate to the rights of either Debtor as a bona fide purchaser of real property as of the filing of Debtor's Chapter 11 petition or to the rights of Debtor as a judicial lien creditor. The effect would then be to render whatever claims or interests Margaret may have under Illinois law as general unsecured claims. But until the state court decides what Margaret's interests are under Illinois law, the issue of the treatment of those interests in bankruptcy is not ripe for this Court's adjudication.